UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ADRIAN DAVIS, <br>     *Plaintiff,* <br><br> v. <br><br><br><br> AIRGAS USA LLC., <br>     *Defendant.* | § § § § § § § § § § | <br><br><br> CIVIL ACTION NO. _____ <br> Jury Demanded |

### PLAINTIFF'S ORIGINAL COMPLAINT

#### A. PARTIES

1. Plaintiff, Adrian Davis, is an individual who can be contacted through counsel.

2. Defendant, Airgas USA, LLC is a Delaware corporation with its principal place of business in Pennsylvania.[1] Air Liquide was incorporated in Delaware with its principal place of business in Houston, Harris County, Texas. The Defendant can be served through counsel: Alston & Bird LLP, 1201 West Peachtree Street, Atlanta, Georgia 30309.

#### B. JURISDICTION

3. The Court has jurisdiction over the lawsuit because the suit arises under the Surface Transportation Assistance Act of 1982, U.S. Code Title 49, Section 31005, as amended by the Implementing Recommendations of The 9/11 Commission Act of 2007, Pub. L. No. 110-53 ("STAA").

---

[1] In 2016, Air Liquide completed an acquisition of one of its largest U.S. competitors, Airgas, Inc. It has since operated its U.S. business under "Airgas."

4. STAA permits a *"kick out"* provision that permits Plaintiff to bring this de novo action in federal district court after **210 day**s have passed since the filing of the complaint with OSHA and before a final decision.  Plaintiff originally filed his OSHA Complaint on April 9, 2019.  210 days have passed and the administrative law judge has not issued a final decision in this dispute.

## C. VENUE

5. Venue is proper in this district under 28 U.S.C. §1391(b)(1) because the Defendant resides in this district.

## D. FACTS

6. On or about August 22, 2018, Mr. Davis survived a life threatening single motor vehicle accident when an Airgas truck jackknifed while he was traveling at a speed of roughly 60 to 65 mph.  The Airgas truck had a history of electrical problems and ghost braking especially underneath underpasses.  Despite repeated complaints about this truck's safety, Airgas failed to repair the truck or remove the truck from the fleet.

7. In fact, Airgas **_knowingly_** put Mr. Davis on the road with a malfunctioning truck without concern for his life, the passenger's life, or the lives of others on the highways across several states.  Shockingly, an Airgas mechanic just threw away the DVR's rather than fix the problem.  When Mr. Davis complained about the truck, he was told if you have a problem get another job.  Mr. Davis suffered a broken wrist in the crash, and he could have been killed.  Defendant's utter lack of concern for the health and safety of Mr. Davis is disturbing.

8. In a recorded message regarding this accident Defendant referred to Plaintiff as a "good driver" and he did "a great job."

### E.  COUNT I STAA WHISTLEBLOWER CLAIM

9. Defendant employed Plaintiff.

10. Plaintiff in good faith reasonably believed that Defendant violated the OSHA safety law by allowing a truck on the road that had electrical and mechanical problems that placed him and others in jeopardy.

11. Plaintiff complained to Defendant about the safety concerns surrounding the rig and trailer involved in the August 22, 2018 single vehicle accident.

12. Additionally, following the accident, Plaintiff told local law enforcement about the accident that resulted in injury to Plaintiff.  Consequently, on November 2, 2018 Defendant placed Plaintiff on suspension and then fired Plaintiff on November 30, 2018.

13. Defendant's acts against Plaintiff were in retaliation for Plaintiff's report to local law enforcement and would not have occurred when they did but for the report.

### G.  JURY DEMAND

14. Plaintiff demands a jury trial and tenders the appropriate fee with this complaint.

### H.  DAMAGES

15. As a direct and proximate result of Defendant's conduct, Plaintiff suffered the following injuries and damages.

    a. Broken Wrist

    b. Compensatory damages.

    c. Fringe benefits.

    d.       Benefit pay.

    e.       Back pay & front pay.

    f.       Past and future emotional distress.

## I. CONCLUSION

16. For these reasons, Plaintiff asks for judgment against Defendant for the following:

    a.       Actual damages.

    b.       Prejudgment and postjudgment interest.

    c.       Reasonable Attorney Fees.

    d.       Punitive damages.

    e.       All other relief the Court deems appropriate.

Respectfully submitted,

The Law Office of Todd E. Webb

By:   /s/Todd E. Webb

TODD E. WEBB

Texas State Bar No.24033317
Federal Admission No. 597748
todd@attorneytoddwebb.com
4101 Greenbriar Suite 122E
Houston, Texas 77098
(713) 529 4400 t
(713) 529 4401 f