UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ADRIAN DAVIS, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-19-4921 |
| | § | |
| AIRGAS USA, L.L.C., | § | |
| | § | |
| *Defendant*. | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the court is a motion to dismiss for lack of jurisdiction filed by defendant Airgas USA, L.L.C. ("Airgas"). Dkt. 9. On April 8, 2020, the court ordered the parties to submit additional evidence, and they have done so. Dkts. 14, 15, 16. After reviewing the motion, response, additional briefing and evidence, relevant exhibits, and applicable law, the court is of the opinion that the motion should be DENIED.

**I. BACKGROUND**

The motion to dismiss relates to the timeliness of plaintiff Adrian Davis's appeal of findings issued by the Secretary of Labor (the "Secretary"), acting through the Regional Administrator, who dismissed a complaint Davis filed with the Occupational Safety and Health Review Administration, which is part of the Department of Labor ("DOL"). Davis filed his original complaint with the Occupational Safety and Health Review Administration on April 9, 2019. Dkt. 1. The Secretary dismissed the complaint in a letter dated April 30, 2019 (the "Findings"), because (1) the complaint was not timely filed under the Occupational Safety and Health Act ("OSHA"); and (2) Davis did not show that he engaged in an activity protected by Surface Transportation Assistance Act ("STAA"). Dkt. 9, Ex. A. The Findings advised that for the OSHA claim, the case would be closed unless Davis

filed an appeal letter via either email or mail within fifteen days of receipt of the Findings. *Id.* With regard to the STAA claim dismissal, the Findings advised that Davis had thirty days from receipt of the Findings to file objections and request a hearing before an Administrative Law Judge. *Id.* The Findings also advised that if no objections were filed, the findings in the document would become final and not be subject to court review. *Id.*

Airgas provides a return receipt email from the DOL Regional Supervisory Investigator that shows delivery of the email containing the Findings to the following email address on May 10, 2019: Prince_Theone@msn.com.[1] Dkt. 9, Ex. C. While Davis's email address is prince_theone@msn.com, Davis contends he never received this email. Dkt. 11, Ex. B (Davis Aff.) ¶ 3. He states that his email address is in "all lower caps," not uppercase letters. *Id.* He asserts that he "first learned [his] claim had been dismissed by mail *after* May 10, 2019," and that he then called the investigator, who told him she had been trying to email him. *Id.* ¶ 4 (emphasis added). Davis asserts via a second affidavit, provided after the court sought additional evidence, that he received the Findings via regular mail at some point in June 2019. The DOL does not have any proof regarding the date upon which the Findings were sent via regular mail or even if the document was sent via regular mail. Dkts. 15, 16.

On June 30, 2019, Davis sent an email to a DOL email address in an attempt to appeal the decision. Dkt. 9, Ex. D. This email came from the following email address: prince_theone@msn.com. *Id.* This email was forwarded to the appropriate agency within the DOL—the Office of Administrative Law Judges ("OALJ")—on July 9, 2019. *Id.* The OALJ

---

[1] The document states that "[d]elivery to these recipients or groups is complete, but no delivery notification was sent by the destination server." Dkt. 9, Ex. C.

docketed the appeal on July 29, 2019, and set the matter for a hearing on February 6 through 7, 2020. Dkt. 11.

On December 18, 2019, Davis filed the instant federal court lawsuit. Dkt. 1. He alleges that the court has jurisdiction under the "kick out" provision of the STAA, which allows a de novo action in federal district court if 210 days have passed since a complaint was filed with OSHA and there has been no final decision. *Id.* Since his original complaint was filed on April 9, 2019, if there was no intervening final decision, it had been more than 210 days when this complaint was filed. On December 19, 2019, Davis notified the OALJ that he had filed a claim in federal court. Dkt. 11. On December 31, 2019, the OALJ issued an order dismissing the case and canceling the hearing that was scheduled for February 2020 because Davis's filing of this lawsuit deprived the OALJ of jurisdiction. Dkt. 11, Ex. A.

On March 6, 2020, Airgas filed the instant motion to dismiss, arguing that the April 30 findings regarding the STAA became final and not subject to judicial review thirty days after the Findings were emailed to Davis. Dkt. 9-1. They were emailed on May 10, 2019, so Airgas contends they were final in early June 2019, and Davis did not attempt to object or appeal until June 30, 2019. Airgas points out that Davis has the burden of demonstrating jurisdiction, and he cannot do so because he fails to allege he exhausted his administrative remedies for his STAA claims or timely objected to the Findings. *Id.*

Davis argues that notice via email is not appropriate notice under Federal Rule of Civil Procedure 5. Dkt. 11. Additionally, he contends that the "proof" Airgas provides that the Findings were emailed only means that the email was sent, not that the recipient's server allowed the email. *Id.* He also asserts that he never agreed in advance that emails would qualify as notice as sometimes

3

emails get lost, deleted, or improperly blocked as spam. *Id.* He argues, in the alternative, that equitable tolling should apply. *Id.*

The motion to dismiss is now ripe for disposition.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss based on lack of subject matter jurisdiction before filing a responsive pleading. Fed. R. Civ. P. 12(b)(1). Federal courts are courts of limited jurisdiction and may only adjudicate claims if jurisdiction is conferred by statute. *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). The party asserting federal jurisdiction bears the burden of demonstrating that jurisdiction is proper. *Id.*

Davis contends that the court has jurisdiction pursuant to the STAA, 49 U.S.C. § 31005. Dkt. 1; Dkt. 11. Under 49 U.S.C. § 31005(c), "if the Secretary of Labor has not issued a final decision within 210 days after the filing of the complaint and if the delay is not due to the bad faith of the employee, the employee may bring an original action at law or equity for de novo review in the appropriate district court of the United States, which shall have jurisdiction over such an action without regard to the amount in controversy, and which action shall, at the request of either party to such action, be tried by the court with a jury." Thus, under this section, federal district courts may only exercise jurisdiction if the Secretary fails to issue a "final decision" within 210 days of the complaint. *See Budri v. FirstFleet Inc.*, No. 3:19-CV-0409-N-BH, 2019 WL 5587191, at *5 (E.D. Tex. Sept. 20, 2019) (dismissing an STAA claim for lack of subject matter jurisdiction because the plaintiff failed to show that the Secretary did not issue a final decision within 210 days); *Duke v. Xylem Tree Experts, Inc.*, No. 3:18-CV-00290-JAG, 2018 WL 6809184, *2 (E.D. Va. Dec. 27, 2018) (same).

Under the STAA, the Secretary must "notify, in writing, the complainant and the person alleged to have committed the violation of the findings" of the investigation. 49 U.S.C. § 31105(b)(2)(A). The complainant then has thirty days from receipt of notice to file objections and request a hearing. § 31105(b)(2)(B). "If a hearing is not requested within 30 days, the preliminary order is final and not subject to judicial review." *Id.*

Under the Secretary's regulations, the Assistant Secretary shall "notify the parties" if he or she concludes there is no violation. 29 C.F.R. § 1978.105(a)(2). The "findings and, where appropriate, the preliminary order will be sent by certified mail, return receipt requested, to all parties of record." § 1978.105(b). The regulations further state that the "findings and preliminary order will be effective 30 days after receipt by respondent . . . , or on the compliance date set forth in the preliminary order, whichever is later, unless an objection and request for a hearing have been timely filed as provided at § 1978.106." § 1978.105(c). Thus, under the Secretary's regulations, if the complainant never "received" the findings, or if he or she objected within 30 days of receipt, then they did not become final.

### III. ANALYSIS

Here, Davis must show that the Secretary failed to issue a final decision within 210 days of his complaint, which was filed on April 9, 2019, in order to establish that this court has jurisdiction. Airgas asserts that the Findings became final when Davis failed to file objections within thirty days of receiving the emailed Findings. The Findings were emailed on May 10, 2019, and Davis emailed his objections on June 30, 2019. Because Davis has the burden of proving the court has jurisdiction, this leaves Davis in the position of having to prove he did not receive the emailed Findings or that the emailed Findings did not trigger the thirty days in order to establish this court's jurisdiction.

5

Davis attempts to prove this negative by providing an affidavit in which he swears that he did not receive the emailed Findings and another affidavit swearing that he did not receive the Findings in the mail until some point in June 2019. He contends that he knows it was not until June because he marked the due date for the objections on his calendar, and he made sure that he filed them before his family left for a vacation on July 1, 2019, so that the deadline would not pass during his vacation. Dkt. 16, Ex. 1. The only evidence that Davis's objections were not timely is the April date of the Findings and sent receipt for the email. The receipt is probative that the email was sent, but it does not necessarily mean that Davis received it, and receipt is the operative word in both the statute and the regulation. Davis also contends that Federal Rules of Civil Procedure 5 requires that the findings be mailed or that he consent to electronic service, and he did not consent to email service. Dkt. 11. The court will first address Davis's service argument and then turn to his argument that he timely filed objections after receipt of the letter and did not ever receive the email.

**A.      Does It Matter That Davis Did Not Consent to Electronic Service?**

As Davis suggests, Federal Rule of Civil Procedure 5 requires consent for service by electronic means. Fed. R. Civ. P. 5. However, Federal Rule of Civil Procedure 1 states that the federal rules apply to "all civil actions in the United States district courts, except as stated in Rule 81." Fed. R. Civ. P. 1. Thus, they do not expressly apply to administrative agency proceedings, unless, of course, they are adopted by the agencies.

The procedures the DOL uses for handling retaliation complaints under the STAA are found in 29 C.F.R. § 1978, which states "[t]hese rules, together with those rules codified at 29 CFR part 18, set forth the procedures for submission of complaints, investigations, issuance of findings and preliminary orders, objections to findings and orders, litigation before administrative law judges (ALJs), post-hearing administrative review, and withdrawals and settlements." 29 C.F.R.

§ 1978.100(b). The "service and filing" provision of 29 C.F.R. part 18, contained at section 18.30, is similar to Federal Rule of Civil Procedure 5, and it requires consent for service by electronic means. 29 C.F.R. § 18.30(a)(2)(ii).

Davis states in his affidavit that he did not consent to service by electronic means. *See* Dkt. 11, Ex. B. Airgas provides no evidence otherwise. If Davis did not consent to electronic service, then the date the findings were emailed is not the operative date. Instead, the date the document was mailed to Davis's last known address is the date that is of import. *See* 29 C.F.R. § 18.30(a)(2)(ii)(c) (indicating service is proper if mailed "to the person's last known address - in which event service is complete upon mailing").

**B.     When Did Davis Receive the Findings?**

Since the statute and implementing regulations indicate that the important date is the date Davis "received" the findings, the court turns to when Davis received the findings. Additionally, out of an abundance of caution, the court will address whether the email was received, notwithstanding the fact that the administrative procedure regulations the court has reviewed require service by mail.

Some circuits apply a form of the "mailbox rule" to emails – a rebuttable presumption that emails are properly sent, received, and read. *See Ball v. Kotter*, 723 F.3d 813, 830 (7th Cir. 2013); *Kennell v. Gates*, 215 F.3d 825, 829 (8th Cir. 2000). Some district courts in the Fifth Circuit have applied a similar presumption. *See Krohn v. Spectrum Gulf Coast, LLC*, No. 3:18-CV-2722-S, 2019 WL 4572833, at *3 (N.D. Tex. Sept. 19, 2019) (applying the mailbox rule presumption to an email); *Nart v. Open Text Corp.*, No. A-10-CV-870-LY-AWA, 2013 WL 442009, at *2, n.4 (W.D. Tex. Feb. 5, 2013) (relying on district court cases from Tennessee and Florida). The parties, however, provide the court with no indication that the Fifth Circuit has recognized a mailbox-rule-type presumption applying to emails, and the court has found no such authority. Regardless, even if there is a

presumption of receipt because there is proof the email was sent, Davis rebuts the presumption with his affidavit indicating that he did not receive the email.[2] *See* Dkt. 11, Ex. B. Thus, the emailed Findings are irrelevant not only because the email does not comply with the DOL's rules for service, at least with regard to the regulations the court has reviewed, but also because the evidence supports a finding that Davis did not receive the email.

The court thus turns to the traditionally mailed Findings. Davis states in an affidavit that he received the Findings via regular mail at some point in June 2019. Dkt. 16, Ex. 1. The DOL does not have a record of mailing the Findings, so there is nothing in the record—other than that the date on the Findings and the date on the email are both much earlier—to negate Davis's assertion. *See* Dkts. 15, 16. Davis, however, indicates that the DOL investigator stated that he or she had been trying to get in touch with Davis via email when Davis called the investigator after receiving the Findings in the mail, which supports the concept that they were mailed after the initial email. Additionally, Davis's recollection of receiving the Findings sometime in June is supported by his specific memory of calendaring the deadline and submitting the objections prior to a family vacation in July. *See* Dkt. 16, Ex. 1. The court finds that this evidence is sufficient to support the court's exercise of jurisdiction. Accordingly, the motion to dismiss for lack of jurisdiction is DENIED.

---

[2] The plaintiff asserts that perhaps he did not receive the email because his email is all lowercase, which the court finds unconvincing. However, there are other reasons an email may show as sent but never be received, and Davis's recollection of marking the due date on his calendar and other contemporaneous events adds credibility to his assertion that he did not receive the email and that he received the mailed version in June. Moreover, the sent receipt itself acknowledges that it received no confirmation of receipt from Davis's email server. *See* Dkt. 9, Ex. C.

## IV. CONCLUSION

Airgas's motion to dismiss for lack of jurisdiction (Dkt. 9) is DENIED.

Signed at Houston, Texas on May 1, 2020.

Gray H. Miller
Senior United States District Judge